UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
|  | ) |  |
| v. | ) | No. 93 CR 350-4 |
|  | ) |  |
|  | ) |  |
| ROBERT SHIPP | ) |  |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Presently before us is Robert Shipp's self-styled motion to modify his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2). Shipp contends that Amendment 505 to the Federal Sentencing Guidelines, combined with the Supreme Court's decision in *Blakely v. Washington*, __ U.S. __, 124 S. Ct. 2531 (2004), mandates that his sentence be reduced. For the following reasons, we deny Shipp's motion.

### BACKGROUND

A brief history of this case is necessary. In 1993, Shipp was convicted, along with six co-defendants, on various narcotics-related offenses. *See United States v. Banks*, 78 F.3d 1190 (7th Cir. 1996) (describing the facts underlying Shipp's convictions). Following the Federal Sentencing Guidelines, we sentenced Shipp to life imprisonment. In sentencing Shipp, we made two findings which increased his sentencing range. First, we found that Shipp had obstructed justice, which resulted in a two-level sentence enhancement. U.S. Sentencing Guidelines Manual § 3C1.1. Second, we found that Shipp's leadership role in the drug trafficking scheme warranted a four-level enhancement under § 3B1.1(a). *Id.* § 3B1.1(a). The Court of Appeals affirmed Shipp's sentence. *Banks*, 78 F.3d at 1208.

In 1997, Shipp filed his first § 3582(c) motion to modify his term of imprisonment, arguing that Amendment 505 to the sentencing guidelines entitled him to a sentence reduction. 18 U.S.C. § 3582(c).

We determined that Amendment 505 did not affect Shipp's sentencing range. Even though Amendment 505 reduced Shipp's base offense level to 38, Shipp's combined six-level sentence enhancement under § 3C1.1 and § 3B1.1(a) still brought his offense level to 44. With this level, Shipp was not entitled to a sentence modification, and, accordingly, we rejected his motion. In 2001, Shipp filed a second § 3582(c) motion, this time claiming that Amendment 591 altered his sentencing range. We rejected this motion, and the Court of Appeals affirmed in an unpublished order. *See United States v. Shipp*, 41 Fed. Appx. 884, 2002 WL 1732603 (7th Cir. 2002). In his present motion, Shipp argues that Amendment 505 does, in fact, reduce his sentencing range because the facts used to impose the combined six-level sentence enhancement were not found by a jury as required by *Blakely*, \_\_ U.S. \_\_, 124 S. Ct. at 2534-37, and *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). Although Shipp filed the present motion prior to the Supreme Court's decision in *United States v. Booker*, \_\_ U.S. \_\_, 125 S.Ct. 738 (2005), we note that *Booker* extended the *Blakely* rule to the Federal Sentencing Guidelines. *Id.*, 125 S.Ct. at \_\_, 2005 WL 50108, at *15.

## ANALYSIS

At the outset, it is apparent that Shipp has improperly brought this motion pursuant to § 3582(c). Shipp is essentially arguing that we erred in increasing his base offense level, and hence his term of imprisonment, based on facts not found by a jury beyond a reasonable doubt. As the Seventh Circuit has pointed out, however, such a contention is properly raised, not by a § 3582(c) motion, but by a 28 U.S.C. § 2255 motion. *See United States v. Smith*, 241 F.3d 546, 548 (7th Cir. 2001). Therefore, we will treat Shipp's motion as a collateral attack under § 2255. *See id.* (characterizing *Apprendi* argument as a collateral attack under § 2255, even though motion had been filed under § 3582(c)).

In *Apprendi v. New Jersey*, the Supreme Court held that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a

2

reasonable doubt." 530 U.S. 466, 490 (2000). *Blakely* extended *Apprendi* by holding that the relevant statutory maximum is the sentence the judge may impose "solely on the basis of facts reflected in the jury verdict or admitted by the defendant." __ U.S. __, 124 S. Ct. at 2537 (citations omitted). *Blakely* thus held unconstitutional a Washington state sentencing scheme which allowed a sentence to be increased beyond the range specified by guidelines based on facts found by a judge, not a jury. *See id.* at 2538. The Supreme Court in *Booker* found "no distinction of constitutional significance between the Federal Sentencing Guidelines and the Washington procedures" at issue in *Blakely*. *Booker*, 125 S.Ct. at __, 2005 WL 50108, at *15. Thus, sentences handed down under the Federal Sentencing Guidelines must also comport with the Sixth Amendment jury trial requirement in that no sentence may be enhanced on the basis of facts not found by a jury beyond a reasonable doubt. *Id.*

Given this constitutional framework, Shipp claims that it was unconstitutional to increase his base offense level based on our findings that he had played an leadership role in the drug trafficking scheme and that he had obstructed justice. Stripped of these findings, he contends, his base offense level under Amendment 505 is 38, thus entitling him to a sentence modification.

Shipp's claim fails because *Booker* and *Blakely* are not retroactively applicable to matters on collateral review. Generally, new constitutional rules of criminal procedure do not apply to cases on collateral review. *See Schriro v. Summerlin*, __ U.S. __, 124 S. Ct. 2519, 2522-23 (2004). Only "watershed" procedural rules–those "without which the likelihood of an accurate conviction is seriously diminished"–apply retroactively. *Id.* at 2523 (citations omitted). The Supreme Court did not expressly make *Booker* applicable to cases on collateral review. *See Booker*, 125 S. Ct. at __, 2005 WL 50108, at *29 (opinion of Breyer, J.) (extending holding "to all cases on direct review"). Moreover, although the Supreme Court has not expressly determined whether *Blakely* is retroactively applicable to matters on collateral review, it has addressed the retroactive applicability of another post-*Apprendi* decision, *Ring*

*v. Arizona*, 536 U.S. 584 (2002). Applying *Apprendi*, *Ring* held that where Arizona law allowed the death penalty upon a finding of certain aggravating factors, those factors must be found by a jury, not a judge. *Id.* at 609. *Schriro* then considered whether *Ring* applied retroactively to cases on collateral review. Overruling the Ninth Circuit, the Court held that *Ring* was merely a procedural, rather than substantive, rule that did not rise to the "watershed" level necessary for retroactive application to cases on collateral review. __ U.S. __, 124 S. Ct. at 2523, 2535. Given this precedent, we conclude, as several other courts have, that *Booker* and *Blakely* are not retroactively applicable on collateral attack. *See Gerrish v. United States*, __ F. Supp. 2d __, 2005 WL 159642, at *1 (D. Me. Jan. 25, 2005) (holding that *Blakely* and *Booker* are not retroactively applicable on collateral attack); *Morris v. United States*, 333 F. Supp. 2d 759, 772 (C.D. Ill. 2004) (holding that *Blakely* is not retroactively applicable to cases on collateral review); *Concepcion v. United States*, 328 F. Supp. 2d 372, 374 (E.D.N.Y. 2004) (same). Accordingly, *Booker* and *Blakely* are of no avail to Shipp, and his motion is denied.

## CONCLUSION

For the foregoing reasons, we deny Shipp's motion to modify his sentence. It is so ordered.

MARVIN E. ASPEN
United States District Judge

Dated 2/7/05

4