## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

UNITED STATES OF AMERICA,     )
    )
    )
         v.                )         No. 93 CR 350-4
    )
    )
ROBERT SHIPP            )

## AMENDED MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Presently before us is Robert Shipp's letter motion seeking to amend his sentence, and his motion for attorney representation. (Dkt. Nos. 649, 669.) For the reasons stated below, we deny Shipp's motions.

## BACKGROUND

In 1993, Shipp was convicted, along with six co-defendants, of one count of "conspiring to possess and distribute cocaine and crack, and to use a telephone to facilitate drug transactions, all in violation of 21 U.S.C §§ 846, 841(a)(1), and 843(b)," as well as "individually on eight counts of using a telephone to further his drug trafficking in violation of § 843(b)." *United States v. Shipp*, 41 Fed. App'x 884, 884 (7th Cir. July 25, 2002). We sentenced Shipp to life imprisonment as required by the mandatory minimum sentencing guidelines in place in 1994. Shipp has served more than twenty-three years in prison. (Letter Mot. (Dkt. No. 649) at 5.)

In 2015, Shipp filed a motion pursuant to 18 U.S.C. § 3582(c)(2) seeking a sentence reduction under Amendment 782 to the United States Sentencing Guidelines. (Dkt. No. 627 ¶¶ 2–10.) On February 26, 2015, we granted Shipp's motion and reduced his sentence to 360 months. (Dkt. No. 630.) On June 1, 2016, Shipp filed this letter motion

requesting his sentence be reduced to time already served and three years of supervised release. (Letter Mot. at 8.)  The Government filed its response opposing Shipp's motion on September 12, 2016.  (Dkt. No. 667.)  Shipp filed his reply and motion for reconsideration of appointment of counsel on October 28, 2016.  (Reply (Dkt. No. 669).)

## ANALYSIS

As stated in our July 21, 2016 Order, we treat Shipp's original letter as a motion pursuant to 28 U.S.C. § 2255(a), as it does not appear to fall under 18 U.S.C. § 3582(c) or Federal Rule of Criminal Procedure 35.  (Dkt. No. 660.)  Shipp previously filed two motions pursuant to § 2225, both of which were denied.  (*United States v. Shipp*, 97 C 8167 (February 2, 1998) (Dkt. No. 10); Dkt. No. 422.)  Under 28 U.S.C. § 2255(h), Shipp must seek authorization from the Seventh Circuit to file this successive § 2255 motion.  Without such authorization, we must deny Shipp's motion for lack of jurisdiction.  *United States v. Scott*, 414 F.3d 815, 817 (7th Cir. 2005).

In his reply brief, Shipp argues that his sentence violates 21 U.S.C. § 841 because it does not contain a term of supervised release, and thus we may amend his sentence pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure.  (Reply at 4.)  While Rule 60(b) may be used to "reopen [an] existing section 2255 proceeding and overcome a procedural barrier to its adjudication," it is not properly utilized to "present a new reason why [Defendant] should be relieved of either his conviction or his sentence."  *Ramirez v. United States*, 799 F.3d 845, 850 (7th Cir. 2015).  That is, a Rule 60(b) motion may not simply be a "disguised second or successive motion under section 2255."  *Id.*  Because Shipp's motion directly challenges his sentence on a novel ground, it is more properly considered as a successive § 2255 motion.  Thus, because Shipp has not received authorization from the Seventh Circuit to pursue a

successive § 2255 motion, we must deny his motion for lack of jurisdiction.

*Scott*, 414 F.3d at 817.[1]

Having construed Shipp's motions as § 2255 motions, we must also determine whether to issue a certificate of appealability as required by Rule 11(a) of the Rules Governing § 2255 Proceedings. The record is clear that Shipp has previously filed two § 2255 motions, and has not received authorization from the Seventh Circuit to file a successive motion as required by § 2255(h). Thus, we find that no reasonable jurist "would find it debatable whether the district court was correct in its procedural ruling," and decline to issue a certificate of appealability. *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 (2000).

## CONCLUSION

Shipp's motions to amend his sentence are denied because we lack jurisdiction to consider them. Shipp's motion for appointment of counsel is also denied. It is so ordered.

_____
Marvin E. Aspen
United States District Judge

**Dated: January 19, 2017**
Chicago, Illinois

---

[1] We further find that Shipp has adequately presented his claims, and that appointment of counsel is not warranted. *See Wilson v. Duckworth*, 716 F.2d 415, 418 (7th Cir. 1983). Shipp's motion for appointment of counsel is thus denied.